RAWLINSON, Circuit Judge,
dissenting:
I do not agree with the majority’s view that the injunctive relief sought pursuant to the National Environmental Policy Act (NEPA) has been mooted.
A claim for relief is not moot so long as we can provide effective relief, in this case return of the horses to their native habitat. Cf. Friends of the Earth, Inc. v. Bergland, 576 F.2d 1377, 1379 (9th Cir.1978) (holding case moot where “courts cannot undo what has already been done”).
It is undisputed that the BLM rounded up all the horses on the range and then decided which horses should be released back into the Twin Peaks area and which should be transported to holding areas.
This would be a different case if the horses who were rounded up had all been dispersed. But that is not what happened. The horses that were rounded up are currently being kept in various holding areas throughout the southwestern United States. As easily as the horses were transported out of their natural habitat, they can be returned. In this circumstance, relief is available and the request for injunctive relief is not moot. See Nw. Envt’l Dfs. Ctr. v. Gordon, 849 F.2d 1241, 1244-45 (9th Cir.1988).
The majority reasons that this appeal is moot because “[t]he motion for preliminary injunction sought to enjoin only the effects of implementing the initial phase.” See Opinion, p. 1013. There are two bases for challenging this reasoning. The first basis is that removal of the horses was part of the initial phase. Indeed, the status quo sought by the Plaintiffs in the motion was return of the horses to their native habitat. The second basis is that the determination of mootness is not tied to the initial remedy sought. Rather, “in deciding a mootness issue, the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.” Nw. Envt’l Dfs. Ctr., 849 F.2d at 1244-45 (citation and internal question mark omitted). Undoubtedly, effective relief can be granted in this case by returning the removed horses to their natural habitat. The majority is incorrect in thinking that I construe the majority decision as holding that the entire case is moot. See Majority Opinion, p. 1013-14. Not so. My dissent is based on the majority’s erroneous conclusion that the plaintiffs’ interlocutory appeal is moot. With a ready remedy available, this appeal is not moot. For that reason, I respectfully dissent.